**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Lisa Marie Harris,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-25-03257-PHX-JJT<br><br>**ORDER** |

At issue is the denial of Plaintiff Lisa Marie Harris's Application for Supplemental Security Income by the Social Security Administration (SSA) under the Social Security Act. Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 13, Pl. Br.), Defendant Social Security Administration Commissioner's Responsive Brief requesting remand (Doc. 16, Resp.), and Plaintiff's Reply (Doc. 17, Reply). The Court has reviewed the briefs and Administrative Record (Doc. 8, R.) and now reverses and remands the Administrative Law Judge's (ALJ) decision (R. at 89–100) as upheld by the Appeals Council. (R. at 1–3.)

## I. BACKGROUND

Plaintiff filed an application for Supplemental Security Income on February 28, 2022 (R. at 89), alleging a disability beginning on April 1, 1972 (R. at 89). Plaintiff's claims were denied initially on October 14, 2022, and again upon reconsideration on November 15, 2023 (R. at 89). Plaintiff then testified at a hearing before an ALJ on May 14, 2024. (R. at 89.) Following the hearing, Plaintiff submitted additional records to

the ALJ (R. at 89). On August 7, 2024, the ALJ denied Plaintiff's Application. (R. at 89–100.) The Appeals Council later denied a request for review of the ALJ's decision. (R. at 1–3.)

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here, in part because the parties agree that remand is proper. The Court will discuss pertinent medical evidence only as necessary to address issues in dispute. In summary, the ALJ found that Plaintiff has a neurocognitive disorder with seizures, but that the seizures are not frequent enough to meet requirements under applicable guidelines to find her disabled. (R. at 91–92.) Finally, the ALJ determined Plaintiff's Residual Functional Capacity (RFC) qualified her for work in the national economy. (R. at 98–99.)

## II. LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 416.920(a)(4). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett*

*v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520(a), the twin regulation applying to Disability Insurance Benefits). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 416.920(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 416.920(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 416.920(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

## III. ANALYSIS

On appeal to this Court, Plaintiff elevates three arguments: (1) the ALJ erred by failing to properly evaluate the opinion of Dr. James Armstrong (Pl. Br. at 11–15); (2) the ALJ failed to consider Plaintiff's borderline age category at the time of the hearing (Pl. Br. at 15–19); and (3) the ALJ errantly relied on the non-medical opinion of Mr. Burridge, a Certified Vocation Expert (CVE) (Pl. Br. at 15–19). Plaintiff further contends that, in light of the ALJ's errors, the Court should apply the credit-as-true rule and order the ALJ to begin a calculation of benefits.

The Commissioner concurs regarding the first two alleged errors, but disputes Plaintiff's arguments about the ALJ's reliance on Mr. Burridge's opinion and the conclusion that the credit-as-true rule should apply.

At the outset, the Court notes the parties do not dispute the ALJ's findings at steps one, two, or three. The Court therefore accepts the ALJ's finding that Plaintiff has never been gainfully employed, has a neurocognitive disorder, and that the disorder does not meet the requirements under listing 11.02 of Appendix 1 to Subpart P of 20 C.F.R. Part 404. (R. at 91–93.)

**A. The ALJ erred in failing to adequately explain the rejection of Dr. Armstrong's opinion.**

When reviewing medical opinions and prior administrative findings, an ALJ is directed to consider a list of five factors as enumerated in 20 C.F.R. § 416.920c(c)(1)–(5). Of the factors, supportability and consistency are the "most important." 20 C.F.R. § 416.920c(a). Supportability requires an ALJ to weigh the objectivity and relevance of an opinion, whereas consistency instructs the ALJ to consider whether the opinion accords with other medical and nonmedical opinions. 20 C.F.R. § 416.920c(c)(1)–(2).

Plaintiff argues the ALJ failed to consider both the supportability and the consistency of Dr. Armstrong's opinion (Pl. Br. at 9), the Commissioner concurs (Resp. at 3), and the Court accepts the parties' agreement.

The ALJ's findings of fact, although reasonably thorough in some areas, were wanting in others. For instance, in the section of the decision discussing Plaintiff's RFC, the ALJ concluded Plaintiff could sufficiently "perform the full range of work at all exertional levels" without explaining why the ALJ found Dr. Armstrong's opinion only "partially persuasive." (R. at 93–98.) Of the three sentences dedicated to distinguishing from Dr. Armstrong's opinion, two are conclusory and one is incomplete. (R. at 98 ("While Dr. Armstrong is an accepted medical source who evaluated the claimant directly ." [sic])). None suffice to meet the standard that the ALJ explain how he or she considered the supportability and consistency factors. 20 C.F.R. § 426.920c(b)(2). "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were support by substantial reasoning." *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015). Here, the ALJ's

conclusory and fragmented reasoning deprives the Court of the opportunity for meaningful review.

Therefore, the Court finds the ALJ erred in failing to adequately explain the decision to partially reject Dr. Armstrong's opinion.

### B. The ALJ erred in failing to consider Plaintiff's borderline age at the time of the decision.

To understand Plaintiff's arguments here, the Court endeavors to quickly explain Plaintiff's two theories of disability on appeal, which are intertwined in the briefing but require disentangling. Plaintiff's first theory is that she qualifies for benefits because her epilepsy and limited intellectual function sufficiently diminish her RFC. Plaintiff's second theory is that she qualifies for benefits because she matches the "medical vocational profile." 20 C.F.R. § 416.962. Under this latter theory, claimants are entitled to benefits if "at least 55 years old, have no more than a limited education, and have no past relevant work experience." 20 C.F.R. § 416.962(b). Although the regulations establish three age categories—younger (under age 50), person closely approaching advanced age (50 to 54), and person of advanced age (55 or older)—the Commissioner is not to apply the categories "mechanically." 20 C.F.R. § 416.963(b)–(e). In other words, the Commissioner has discretion as to whether a claimant in borderline age category, such as "within a few days to a few months of reaching an older age category," should be considered under the advanced age category. 20 C.F.R. § 416.963(b).

At issue here, as relevant to both theories, is that the ALJ did not consider that Plaintiff was fewer than six months away from her 55th birthday at the time of decision. (Pl. Br. at 17.) The Commissioner concurs that this was error (Resp. at 7), and the Court once again accepts the parties' agreement.

Plaintiff contends six months shy of age 55 should count as a "few months" as specified in the regulation. In support of the argument, Plaintiff points to cases where sister courts found error for that very reason. *See, e.g.*, *Michael P. v. Berrryhill*, 2019 WL 403861, at *3 (D. Or. Jan. 31, 2019) (finding borderline age designation is proper where

Plaintiff is within six-months of turning age 55); *Little v. Berryhill*, 690 F. App'x 915, 917 (9th Cir. 2019) (holding ALJ erred in failing to consider plaintiff was five months shy of 55). In addition, Plaintiff cites *Lockwood*, a Ninth Circuit decision that requires ALJs to "*consider whether to use* the older age category." *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071–72 (9th Cir. 2010) (emphasis added).

The Court agrees with Plaintiff's view of the caselaw but finds the issue at hand to be closer than the parties represent. While it is true that the regulations instruct the Commissioner to "consider" the claimant's age, *Lockwood* implies "consider" is a low bar. *See* 20 C.F.R. § 416.963(b); *Lockwood*, 616 F.3d at 1069. There, the Ninth Circuit held the district court did not err in affirming an ALJ decision which merely "mentioned" plaintiff's date of birth and that Plaintiff was "a person closely approaching advanced age . . . ." *Lockwood*, 616 F.3d at 1069. Here, although the ALJ failed to consider Plaintiff's borderline age as mandated, the ALJ did repeatedly mention Plaintiff's age more broadly. *See, e.g.*, R. at 94 ("At hearing, the claimant testified she is 54 years old"); R. at 98 ("The claimant . . . was 52 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed"); R. at 98 ("Considering the claimant's age . . . ."); R. at 99 ("[T]he undersigned must consider the claimant's . . . age . . . ."). Under *Lockwood*'s directive to simply *consider* Plaintiff's age and status as a person closely approaching advanced age, the Commissioner had plausible arguments that the ALJ adequately did so.

Yet the Court ultimately does not wish to disturb the parties' agreement, in part because it is not overwhelmingly clear the ALJ considered Plaintiff's borderline age at the time the decision issued. Therefore, the Court finds the ALJ did not adequately consider Plaintiff's borderline age.

### C. The ALJ did not err in considering Mr. Burridge's opinion.

As best the Court understands Plaintiff's briefing, she argues the ALJ committed two errors in considering Mr. Burridge's findings: (1) the ALJ mistakenly believed Mr. Burridge, a vocational evaluation specialist, to be a medical source (Pl. Br. at 19–20);

and (2) the ALJ's reliance on Mr. Burridge should be likened to "reliance on another non-medical professional, such as an Agency Single Decisionmaker," to which an ALJ cannot confer any persuasive weight (Pl. Br. at 20–21).

On this, the parties mark their first disagreement. (Resp. at 6–7.) The Commissioner rebuts Plaintiff along two lines. First, the Commissioner points to the fact that the ALJ relied on sources beyond Mr. Burridge, arguing that the ALJ "also relied on Drs. Paz's and Duclos's findings to conclude that Plaintiff was not disabled." (Resp. at 6.) Second, the Commissioner highlights cases in which ALJs have previously relied on Mr. Burridge's nonmedical opinion and a district court has affirmed. *See, e.g.*, *Condit v. Comm'r Soc. Sec. Admin.*, 2022 WL 4111565, at *19 (D. Ariz. July 25, 2022); *Johnson v. Comm'r Soc. Sec. Admin*, 2021 WL 1115929, at *6 (D. Ariz. Mar. 24, 2021); *Conway v. Comm'r Soc. Sec. Admin.*, 2020 WL 5423896, at *3 (D. Ariz. Sept. 10, 2020).

The Court agrees with the Commissioner. Regarding Plaintiff's first argument, the Court finds scarce evidence the ALJ mistook Mr. Burridge's credentials. Plaintiff's contrary claim appears to rest on a selective excerpt of the final hearing transcript in which the ALJ asked Plaintiff's counsel whether a given medical record was drafted by a PhD: "And then [Exhibit] 4F was, I think, also a PhD, right?" (R. at 29.) But Plaintiff does not allege, nor is the Court aware, that this mistake emerges elsewhere in the record. Even if it did, the record strongly suggests the ALJ understood Mr. Burridge was a nonmedical source. The ALJ correctly and repeatedly lists Mr. Burridge's title as a "vocational evaluation specialist" or "CVE." (*See, e.g.*, R. at 92–94, 96, 98.) The ALJ also exclusively refers to Mr. Burridge as mister, never doctor. (*See, e.g.*, R. at 92–94, 96, 98.) Plaintiff even concedes the point, later writing, "It seems that the ALJ recognized [Mr. Burridge was not a doctor] prior to issuing his opinion, as he described Mr. Burridge as a CVE"). (Pl. Br. at 20.)

In addition, ALJs are entitled to grant persuasive weight to nonmedical sources. *See* 20 C.F.R. § 416.920c(c)(2) (noting that the consistency of evidence shall be weighed again "medical sources *and* nonmedical sources") (emphasis added); *Johnson v. Comm'r Soc.*

*Sec. Admin*, 2021 WL 1115929, at *6 (D. Ariz. Mar. 24, 2021) (finding the ALJ did not err in concluding Mr. Burridge's opinion supported an RFC calculation). And even were they not, the ALJ relied on a multitude of sources in reaching his findings. For instance, the ALJ considered Dr. Paz's opinion that Plaintiff was not limited in her ability to carry out "short and simple instructions," nor in her "ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerance." (R. at 97.) The ALJ also reviewed Dr. Duclos and Dr. Armstrong's opinions, among others. (R. at 94–99.)

On Plaintiff's second argument, the Court rejects likening Mr. Burridge to an Agency Single Decisionmaker (SDM). (Pl. Br. at 20.) For starters, any purported SDM doctrine may be dead law because the Social Security Administration publicly revoked the SDM pilot program in 2018. *See* 83 Fed. Reg. 63965 ("We are announcing the end of the 'single decisionmaker' test").[1] Unperturbed, Plaintiff encourages the Court to find *Morgan* persuasive, an unpublished Ninth Circuit decision that held an ALJ erred in relying on the opinion of a non-physician SDM. *Morgan v. Colvin*, 531 F. App'x 793 (9th Cir. 2013). But *Morgan* is not persuasive because it is inapplicable here. Whereas in *Morgan* the ALJ relied on an SDM opinion despite a clear disclaimer that "SDM-completed forms are not opinion evidence at the appeals level," here no such disclaimer exists. *Id.* at 794–95. The *Morgan* disclaimer related to Program Operations Manual System (POMS) DI 24510.050, a provision that governs the use and application of SSA-4734 (a physical RFC assessment form). *Id.* The Court is unaware of a single reference to such a form in the present record. Furthermore, *Morgan* found the error was not harmless because the ALJ "mistakenly believed [the SDM] was a physician, and made four references to him as 'Wayne S. Rhodes, M.D.' or 'Dr. Rhodes' in her written decision." *Morgan*, 531 F. App'x at 794. As previously stated, the Court finds no evidence that a similar mistake was made in the

[1] The SDM was the fruit of a Social Security Administration test, aimed at determining the viability and efficiency of alternative disability application processes. The SDM program attempted to, among other things, "eliminat[e] the reconsideration step in the administrative review process and having a claimant who is dissatisfied with the initial determination request a hearing before an administrative law judge." 20 C.F.R. § 404.906(a).

written decision here. The ALJ never once referred to Mr. Burridge as "doctor" in the decision, nor indicated anywhere else that he mistook Mr. Burridge's credentials.

Finally, moving beyond *Morgan*, the Court is unaware of caselaw holding that any or all nonmedical sources should be treated as SDM's, and Plaintiff offers none to the Court. The absence of this is reasonable, given the underlying argument seems to contravene the regulation. *See* 20 C.F.R. § 416.920c(c)(2) (instructing that the consistency of evidence shall be weighed against "medical sources *and* nonmedical sources") (emphasis added).

Therefore, the Court rejects Plaintiff's claim that the ALJ erred in relying on Mr. Burridge's opinion.

**D. The appropriate remedy is to remand the case for further proceedings.**

Finally, the heart of the debate. Plaintiff asserts that an immediate award of benefits is appropriate under the credit-as-true rule (Pl. Br. at 21–23), and the Commissioner disagrees (Resp. at 8–9).

For context, the credit-as-true rule requires that "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). The criteria are conjunctive; all three must be satisfied before a district court may decline to remand to the SSA for further administrative proceedings. *Id.*; *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) ("When all three elements of this [] rule are satisfied, a case raises the 'rare circumstances' that allow us to exercise our discretion to depart from the ordinary remand rule.").

The rule does not apply to the present. At the first and second steps, Plaintiff is correct. As discussed *supra*, (1) the record includes several doctors' opinions, vocational experts' findings, and large tracts of prior administrative filings and (2) the ALJ failed to

properly explain the supportability and consistency factors in partially dismissing Dr. Armstrong's opinion. (R. at 89–100.)

At the third step, however, Plaintiff misconstrues the application of the rule. Plaintiff's primary contention is that, had Dr. Armstrong's opinion been credited as true, the ALJ would necessarily find Plaintiff disabled because Dr. Armstrong concluded she was disabled. (Pl. Br. at 23.). But the argument replaces the credit-as-true rule with a credit-as-*exclusively*-true rule. The Court declines to adopt it. As discussed *supra*, the record conflicts on the issue of Plaintiff's RFC. Although Dr. Armstrong believed she was impaired, other medical and nonmedical sources disagreed. (R. at 89–100.)

In anticipation of this finding, Plaintiff replies, "non-examining State agency consultant opinions do not inherently create a factual issue that warrants resolution." (Reply at 2.) But Plaintiff's cited cases fall flat. In *Benecke*, the Ninth Circuit clarified a lower court's misapprehension of a rule requiring remand and held that the ALJ's "sheer disbelief" in Plaintiff's symptom testimony did not permit the ALJ to ignore *concurring* opinions as to Plaintiff's injury. *Benecke v. Barnhart*, 379 F.3d 587, 594–95 (9th Cir. 2004). That is plainly not the case here. The medical opinions conflicted, and the ALJ's conclusions are reasonable in light of such conflict. Likewise, in *Trnavsky*, the Ninth Circuit affirmed a lower court's reversal where an ALJ misunderstood the conclusion of a non-examining physician and assigned it improper weight under an old regulatory scheme. *Trnavsky v. Colvin*, 636 F. App'x 390, 392–93 (9th Cir. 2016). *Trnavsky* is inapposite. First, because the regulations have been amended and the updated regulations no longer establish a weight-persuasion scheme. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). And second, because the ALJ did not misunderstand the conclusions of Mr. Burridge or others (nor does Plaintiff allege as much).

In dicta, the Court notes that Plaintiff will *likely* be entitled to benefits on remand. She probably fits the criteria for the medical vocational profile, as she is *now* over the age of 55, suffers from seizures, and has never worked. *See* 20 C.F.R. § 416.962(b). But further fact-finding remains for the latter two prongs; the record does not and cannot inform this

Court as to the events taking place between the ALJ's decision and Plaintiff's 55th birthday.

**IT IS THEREFORE ORDERED** reversing the August 7, 2024 decision of the ALJ (R. at 89–100), as upheld by the Appeals Council on July 7, 2025 (R. at 1–3).

**IT IS FURTHER ORDERED** remanding this case to the Social Security Administration for further proceedings consistent with this Order.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter final judgment consistent with this Order and close this case.

Dated this 17th day of September, 2026.

Honorable John J. Tuchi
United States District Judge